**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0740-15T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ROBERTO BURGOS,

    Defendant-Appellant.

_____

Submitted May 16, 2017 — Decided June 8, 2017

Before Judges Koblitz and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 14-09-1449.

Joseph E. Krakora, Public Defender, attorney for appellant (Stephen P. Hunter, Assistant Deputy Public Defender, of counsel and on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Stephanie Davis-Elson, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant was charged with third-degree possession of a controlled dangerous substance (CDS), N.J.S.A. 2C:35-10(a)(1)

1

(count one); third-degree possession of CDS with intent to distribute, N.J.S.A. 2C:35-5(a)(1), (b)(3) (count two); third-degree possession of CDS with intent to distribute in a school zone, N.J.S.A. 2C:35-7 (count three); and second-degree possession of CDS with intent to distribute within 500 feet of a public park, N.J.S.A. 2C:35-7.1 (count four). Defendant was found guilty by a jury on all four counts. The trial judge merged counts one, two and three with count four, and sentenced defendant to a period of eight years, with four years of parole ineligibility. Defendant appeals his conviction and sentence. We affirm.

On April 9, 2014, Officer Joseph Boccassini was conducting surveillance in the area near Wayne Street in Jersey City. During this surveillance, Boccassini observed defendant enter and exit a store on Wayne Street several times, but noted that defendant did not purchased merchandise. Boccassini also saw defendant talking with several males outside the store and then walking to the side of the building beyond his view. Boccassini suspected that defendant was engaged in illegal drug transactions.

When defendant returned to the officer's field of view, Boccassini saw defendant talking on his cellphone. After defendant's cellphone conversation, Boccassini observed a red minivan pull in front of him offering an unobstructed view into the vehicle. Boccassini saw defendant walk to the passenger side

2

of the minivan.  When defendant reached the minivan, he produced a translucent plastic bag containing a white powdery substance. Defendant opened the minivan's passenger door and placed the plastic bag inside the vehicle.  Boccassini saw the driver of the minivan, later identified as Paula Greenwood, give money to defendant, which defendant pocketed.  At that time, Boccassini suspected the substance in the plastic bag was cocaine.

Based upon his observations, Boccassini asked his perimeter backup units, including Officer Miguel Rivera, to respond. Defendant and Greenwood were arrested.[1]

Rivera recovered the plastic bag containing the white substance from the armrest on the minivan driver's side door. Defendant and the State stipulated that the substance in the plastic bag tested positive for cocaine.

At trial, the State presented Boccassini and Rivera as fact witnesses, not expert witnesses.  Boccassini testified that based upon his training and experience, there was "no doubt" the substance in the plastic bag produced by defendant was cocaine. Boccassini also told the jury that he suspected the plastic bag found in the minivan had been in defendant's possession.  Rivera testified that Boccassini advised the perimeter units via radio

---

[1] In exchange for her testifying against defendant, the charges against Greenwood were downgraded from third-degree possession of CDS to disorderly persons possession of drug paraphernalia.

"that [Boccasssini] saw a -- what he believed was a drug exchange between a male and female sitting in a van." Rivera also testified he believed the powdery white substance was cocaine.

Greenwood also testified for the State. According to Greenwood, she texted defendant about purchasing cocaine and then drove her minivan to Wayne Street to meet defendant. Defendant came to Greenwood's vehicle, opened the passenger side front door, and placed a plastic bag on the seat. Greenwood told the jury that she placed a $20 bill on the seat and defendant took the money.

When sentencing defendant, the judge found three aggravating factors and no mitigating factors. The judge considered and applied aggravating factors (3) risk that defendant would commit another offense, (6) extent of defendant's prior record, and (9) deterrence. N.J.S.A. 2C:44-1(a). The judge noted defendant's seven prior indictable drug convictions and three prior terms of incarceration.

On appeal, defendant raises the following arguments:

POINT I

> THE POLICE OFFICERS' OPINION TESTIMONY HERE IMPROPERLY INVADED THE PROVINCE OF THE JURY AND WAS PLAIN ERROR. U.S. Const. Amends. VI, XIV; N.J. Const. Art. I, ¶¶ 1, 9, 10 (Not Raised Below).

4

POINT II

> THE IMPROPER ADMISSION OF OTHER CRIMES EVIDENCE DENIED DEFENDANT A FAIR TRIAL, U.S. Const. Amend. XIV; N.J. Const. Art. I, ¶1.

POINT III

> THE IMPOSITION OF A DISCRETIONARY PERIOD OF PAROLE INELIGIBILITY WAS UNCONSTITUTIONAL AND MUST BE VACATED BY THIS COURT. U.S. Const. Amend. VI, XIV; N.J. Const. Art. I, ¶¶ 1, 12.

Defendant argues that Boccassini and Rivera offered improper opinion testimony regarding the substance contained in the plastic bag. We agree that the testimony of Rivera and Boccassini exceeded the scope of permissible lay witness testimony contrary to State v. McLean, 205 N.J. 438 (2011), but find the error was harmless under the circumstances.

In State v. McLean, the Supreme Court delineated the line between "factual testimony by police officers from permissible expert opinion testimony." McLean, supra, 205 N.J. at 460. The Court held:

> On one side of that line is fact testimony, through which an officer is permitted to set forth what he or she perceived through one or more of the senses. Fact testimony has always consisted of a description of what the officer did and saw, including, for example, that defendant stood on a corner, engaged in a brief conversation, looked around, reached into a bag, handed another person an item, accepted paper currency in exchange, threw the bag aside as the officer approached, and that

5

> the officer found drugs in the bag. Testimony of that type includes no opinion, lay or expert, and does not convey information about what the officer "believed," "thought" or "suspected," but instead is an ordinary fact-based recitation by a witness with first-hand knowledge.
>
> [Ibid. (citations omitted).]

Although not raised during the trial, defendant objects to phrases used by the officers in their testimony that would suggest they were offering expert witness testimony rather than fact witness testimony.

Because there was no objection to the officers' testimony at trial, we review defendant's claim for plain error. R. 2:10-2. "Reversal of defendant's conviction is required only if there was error 'sufficient to raise a reasonable doubt as to whether [it] led the jury to a result it otherwise might not have reached.'" State v. Atwater, 400 N.J. Super. 319, 336 (App. Div. 2008) (quoting State v. Daniels, 182 N.J. 80, 95 (2004)). Defendant must prove that the plain error was clear or obvious and that it affected his substantial rights. State v. Chew, 150 N.J. 30, 82 (1997).

Here, there was overwhelming evidence in the record to support the jury's finding of guilt. The State and defendant stipulated that the substance in the clear plastic bag recovered from Greenwood's minivan was cocaine, so the jury did not need to rely

6

on the testimony of either Boccassini or Rivera to prove what was in the plastic bag. Moreover, Greenwood's testimony was highly incriminating. Greenwood testified that she contacted defendant for the express purpose of buying cocaine. Greenwood also told the jury that the plastic bag recovered from her vehicle was the same bag given to her by defendant. Greenwood testified defendant took the $20 bill that she placed on the seat in payment. Given the overwhelming evidence presented to the jury, we find that the erroneous opinion testimony provided by law enforcement did not lead the jury to an unjust result or a result that the jury would not have otherwise reached.

Defendant also argues the admission of other crimes evidence deprived him of a fair trial. The alleged other crimes evidence focused on Boccassini observing defendant speak on his cellphone, meet with other males outside a store, and enter and exit the store several times without purchasing merchandise. In response to defendant's objection during the prosecutor's opening statement, the judge ruled that defendant's observed behavior prior to arrest was admissible and was not an allegation of a prior illegal act.

We reject defendant's argument that Boccassini's observations of defendant's behavior should have been excluded under N.J.R.E. 404(b) as improper "other crimes" evidence. Defense counsel failed

7

to object to Boccassini's trial testimony. Because there was no objection at trial, we review the matter for plain error. R. 2:10-2.

We find that the trial judge properly limited Boccassini's testimony to his observations. Factual testimony of the type conveyed by Boccassini, concerning observations just prior to defendant's arrest, are admissible under N.J.R.E. 403 because the testimony is intrinsic to the crimes charged. See State v. Brockington, 439 N.J. Super. 311, 325 (App. Div. 2015) (citing State v. Rose, 206 N.J. 141, 179 (2011)).

Next, we address defendant's contention that the sentencing judge's imposition of a discretionary period of parole ineligibility was unconstitutional. Defendant argues that the sentence violated the United States Supreme Court's decision in Alleyne v. United States, __ U.S. __, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013). The holding of Alleyne pertained to a finding by the sentencing court that the defendant had brandished a firearm during the commission of a robbery, thus increasing his mandatory minimum sentence under federal law from five to seven years. Id. at ___, 133 S. Ct. at 2156, 186 L. Ed. 2d at 322. The Court held that facts that require an increase in the mandatory minimum sentence "must be submitted to the jury and found beyond a reasonable doubt." Ibid. Defendant argues that the facts

8

resulting in the imposition of a discretionary mandatory minimum term, pursuant to N.J.S.A. 2C:43-6(b), should be found by a jury rather than the judge.

Defendant's reliance on Alleyne in challenging the constitutionality of the period of parole ineligibility is misplaced for two reasons. First, the judge imposed a second-degree sentence within the normal range expressly authorized by statute. N.J.S.A. 2C:43-6(a); N.J.S.A. 2C:35-7.1. Second, the aggravating factors applied by the judge were based upon defendant's extensive prior drug convictions, as permitted by Apprendi. Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362, 147 L. Ed. 2d 435, 455 (2000) (finding that the fact of a prior conviction need not be submitted to a jury).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9